IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JEFFREY MARTEZ REESE,          )
                               )
          Petitioner,          )
                               )
     v.                        )     Civil Action No. 2:16cv488-MHT
                               )                [WO]
UNITED STATES OF AMERICA,      )
                               )
          Respondent.          )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This matter is before the court on petitioner Jeffrey Martez Reese's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.  Doc. No. 1.  For the reasons that follow, the magistrate judge finds that Reese's § 2255 motion should be denied and this case dismissed with prejudice.

## I.   BACKGROUND

On November 4, 2014, Reese pleaded guilty under a plea agreement to possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  Doc. No. 11-5.  The plea agreement contained a provision by which Reese waived his right to appeal or collaterally attack his conviction and sentence, with exceptions for claims of ineffective assistance of counsel and prosecutorial misconduct.  Doc. No. 11-2 at 4–5.  Reese's presentence investigation report ("PSI") noted that he had a two prior convictions that triggered an enhancement to his base offense level under U.S.S.G. § 2K2.1(a)(2): a 2002 Alabama conviction for manslaughter and a 2010 Alabama conviction for possession of

marijuana in the first degree.[1]  Doc. No. 11-3 at 5, ¶ 17.  Reese faced a Guidelines range of 84 to 105 months.  *Id*. at 13, ¶ 63.  On February 9, 2015, the district court imposed a sentence of 105 months' imprisonment and entered its judgment.  Doc. No. 11-4.  Reese filed no appeal.

On June 20, 2016, Reese filed this § 2255 motion arguing that (1) under the holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015), his prior conviction for manslaughter no longer qualifies as a predicate for a base offense level enhancement under U.S.S.G. § 2K2.1(a)(2); and (2) under the holding in *Descamps v. United States*, 570 U.S. 254 (2013), his prior conviction for possession of marijuana in the first degree was not a qualifying controlled substance offense for purposes of § 2K2.1(a)(2).  *See* Doc. Nos. 1 & 2.  He maintains he is entitled to be resentenced without application of the § 2K2.1(a)(2) enhancement.

## II.   DISCUSSION

**A.**   ***Johnson* Claim: Manslaughter Conviction and § 2K2.1(a)(2) Enhancement**

**1.**   ***Merits of Claim Under <u>Johnson</u>***

Under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), a defendant who violates 18 U.S.C. § 922(g) and has three prior convictions for a "violent felony" or a serious drug offense is subject to a mandatory minimum sentence of fifteen years'

---

[1] Section § 2K2.1(a)(2) of the Sentencing Guidelines provides that defendant should receive a base offense level of 24 "if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence of a controlled substance offense."  U.S.S.G. § 2K2.1(a)(2).

imprisonment.[2]  18 U.S.C. § 924(e)(1).  On June 26, 2015, in *Johnson v. United States*, the Supreme Court held that the ACCA's residual clause—which covered any offense that "otherwise involves conduct that presents a serious potential rise of physical injury to another"—was "unconstitutionally vague."  135 S. Ct. 2551, 2557 (2015).  Based on that holding, the Court concluded that "imposing an increased sentence under the residual clause . . . violates the Constitution's guarantee of due process."  *Id*. at 2563.  In April 2016, in *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016), the Supreme Court held that the *Johnson* decision retroactively applies to cases on collateral review.

Reese argues that, under *Johnson*, his prior conviction for manslaughter no longer qualifies as a predicate for a base offense level enhancement under U.S.S.G. § 2K2.1(a)(2). Doc. No. 1 at 4; Doc. No. 2 at 3–5.  That guideline provides for application of a base offense level of 24 "if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence of a controlled substance offense."  *See* U.S.S.G. § 2K2.1(a).  Application Note 1 of the Commentary to U.S.S.G. § 2K2.1 defines a "crime of violence" as having "the meaning "given that term in § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2," which define a "crime of violence" for purposes of the career offender guideline, U.S.S.G. § 4B1.1.  The definition of a "crime of violence" in the career offender guideline is nearly identical to the definition of "violent felony" under the ACCA, including its incorporation of a residual

---

[2] Reese was convicted of violating 18 U.S.C. § 922(g), but he was not sentenced as an armed career criminal under the ACCA.  A conviction under § 922(g) normally—i.e., without application of the ACCA—carries a sentence of not more than ten years' imprisonment.  18 U.S.C. § 924(a)(2).

clause encompassing crimes that "involve[ ] conduct that presents a serious potential risk of physical injury to another."[3]  *See* § 4B1.2(a)(2), *id.*, cmt. n. 1; 18 U.S.C. § 924(e)(2)(B).

The crux of Reese's argument is that, because the residual clause definition of "crime of violence" for purposes of § 2K2.1(a)(2) (via the § 4B1.2 definition) is the same as the language of the ACCA's residual clause struck down in *Johnson*, it follows that his enhanced sentence under § 2K2.1(a)(2) is also invalid under *Johnson*.  *See* Doc. No. 2 at 3–5.  Reese's argument is unavailing.

On March 6, 2017, in *Beckles v. United States*, 137 S.Ct. 886 (2017), the Supreme Court held that the "the advisory Guidelines are not subject to vagueness challenges." 137 S.Ct. at 890.  The Court reasoned that, "[u]nlike the ACCA . . . the advisory [Sentencing] Guidelines do not fix the permissible range. . . .  [T]hey merely guide the exercise of a court's discretion in choosing an appropriate sentence within a statutory range." *Id.* at 892.  The Court further reasoned that, unlike the ACCA, the Sentencing Guidelines "do not implicate the twin concerns underlying the vagueness doctrine—providing notice and preventing arbitrary enforcement." *Id.* at at 894.

Thus, the holding in *Beckles*—that the advisory Sentencing Guidelines are not subject to vagueness challenges like the one that prevailed in *Johnson* as to the ACCA's residual clause—forecloses Reese's *Johnson* claim challenging the use of his manslaughter conviction as one of the predicate convictions for enhancement of his base offense level under U.S.S.G. § 2K2.1(a)(2).

---

[3] The residual clause of U.S.S.G. § 4B1.2(a)(2) was removed in the 2016 amendments to the Sentencing Guidelines.  That fact, however, is not relevant to the disposition of Reese's claim.

## 2.    *Waiver Provision in Plea Agreement*

The government is also correct that this claim is subject to dismissal based on the collateral-attack waiver in Reese's plea agreement.  *See* Doc. No. 11 at 5.

The written plea agreement contained a waiver provision with this pertinent language:

> ### DEFENDANT'S WAIVER OF APPEAL AND COLLATERAL ATTACK
>
> Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, Defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence.  The Defendant further expressly waives the right to appeal the conviction and sentence on any other ground and waives the right to attack the conviction and sentence in any post-conviction proceeding, including a Title 28, United States Code, Section 2255 proceeding.  This waiver does not include the right to appeal or collaterally attack the sentence on the ground of ineffective assistance of counsel or prosecutorial misconduct.

Doc. No. 11-2 at 4.  Under this provision, Reese waived his rights to appeal or collaterally attack his conviction and sentence, except on grounds of ineffective assistance of counsel or prosecutorial misconduct.

An appeal waiver or collateral-attack waiver is valid if a defendant enters it knowingly and voluntarily.  *See Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir. 2005); *United States v. Bushert*, 997 F.2d 1343, 1350–55 (11th Cir. 1993).  In this circuit, such waivers have been enforced consistently according to their terms.  *See United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006) (collecting cases).  To enforce such a waiver, the government must demonstrate either that (1) the court specifically questioned the defendant about the waiver during the change of plea colloquy, or (2) the record shows

that the defendant otherwise understood the full significance of the waiver.  *Bushert*, 997 F.2d at 1351.

Here, the magistrate judge who conducted the plea hearing specifically questioned Reese about the waiver provision and confirmed that he understood its terms.  Doc. No. 11-5 at 9.  Thus, the record reflects—and Reese does not disprove—that Reese's collateral-attack waiver was knowing and voluntary.  *Bushert*, 997 F.2d at 1351.  Consequently, the undersigned agrees with the government that Reese's claim is barred from collateral review by the waiver provision in his plea agreement.

###    3.    *Statute of Limitations*

Reese's claim is also time-barred under the one-year limitation period in 28 U.S.C. § 2255(f), since his attempt to rely on *Johnson* is misplaced.  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations period for filing a § 2255 motion in federal court.  28 U.S.C. § 2255(f).  A § 2255 movant generally must file his claim for relief within one year of the date when his conviction becomes final. [4]  28 U.S.C. § 2255(f)(1).  As noted above, the district court sentenced Reese and entered its judgment on February 9, 2015.  When a defendant files no direct appeal, as in this case, his conviction becomes final on the day when the time for filing a direct appeal expires.  *United States v. Scruggs*, 691 F.3d 660, 669 (5th Cir. 2012).

---

[4] The § 2255(f) statute of limitations "requires a claim-by-claim approach to determine timeliness."  *See Zack v. Tucker*, 704 F.3d 917, 924, 926 (11th Cir. 2013).  "In other words, if a § 2255 movant asserts that his § 2255 motion is timely because he filed it within one year of the Supreme Court's issuance of a decision recognizing a new right, we must determine whether each claim asserted in the motion depends on that new decision.  If a particular claim does not depend on the new decision, that claim is untimely and must be dismissed."  *Beeman v. United States*, 871 F.3d 1215, 1219 (11th Cir. 2017)

Accordingly, Reese's conviction became final on February 23, 2015.  *See* Fed.R.App.P. 4(b)(1)(A) (a defendant's notice of appeal must be filed in the district court within 14 days after entry of the judgment).  Because Reese did not file this § 2255 motion until June 20, 2016, his motion is untimely under § 2255(f)(1).

Reese cannot rely on § 2255(f)(3) to overcome this problem.  Under subsection (f)(3), the one-year limitation period does not run from the date a conviction becomes final, but instead from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  28 U.S.C. § 2255(f)(3).  Reese appears to assume that the *Johnson* case fits within the (f)(3) definition and also gives him a right to relief, and that his § 2255 motion is therefore not time-barred.  However, as indicated above in this Recommendation, Reese's reliance on *Johnson* is misplaced, since Reese was not sentenced under the ACCA and the only provision that the Supreme Court in *Johnson* found to be unconstitutional was the residual clause of the ACCA.  And as clarified by the Supreme Court in *Beckles*, the holding in *Johnson* does not extend to provisions of the advisory Sentencing Guidelines.  Thus, *Johnson* does not give Reese any right to relief from the sentence he received, and because *Johnson* is inapplicable, the limitation period applicable to Reese's claim is found in § 2255(f)(1).  His § 2255 motion asserting this claim is untimely.

## B.    Controlled Substance Conviction and § 2K2.1(a)(2) Enhancement

Reese also claims that, under the Supreme Court's decision in *Descamps v. United States*, 570 U.S. 254 (2013), his prior conviction for possession of marijuana in the first

degree was not a qualifying controlled substance offense for purposes of § 2K2.1(a)(2). Doc. No. 2 at 5–6.  He appears to argue that the Alabama statute under which that conviction was obtained defines a controlled substance offense more broadly than the definition of a controlled substance offense contained in § 2K2.1(a)(2), as specifically defined in U.S.S.G. § 4B1.2(b).  Doc. No. 2 at 5–6.  This claim by Reese, like his putative *Johnson* claim, is time-barred.

In *Descamps*, the Supreme Court held that sentencing courts may not apply the so called "modified categorical approach" to determine if a prior conviction is a "violent felony" under the ACCA when the crime of conviction has a single, indivisible set of elements."[5]  570 U.S. at 258.  The Eleventh Circuit has recognized that *Descamps* did not announce a new rule, but instead merely applied prior precedent to reaffirm that courts may not use the modified categorical approach to determine whether convictions under indivisible statutes are predicate ACCA violent  felonies, and therefore a claim for relief under *Descamps* does not trigger § 2255(f)(3) for statute of limitation purposes.[6]  *See King v. United States*, 610 F. App'x 825, 828–29 (11th  Cir.  2015).  *See also Mays v. United States*, 817 F.3d 728, 734 (11th Cir. 2016) ("*Descamps* did not announce a new rule."); *Smith v. United States*, 2016 WL 3194980, at *5–7 (M.D. Fla. 2016) (holding petitioner

---

[5] The Supreme Court has recognized a narrow range of cases in which courts may use the "modified categorical approach" to determine if a prior conviction is a qualifying violent felony under the ACCA.  *See Shepard v. United States*, 544 U.S. 13 (2005).  The modified categorical approach allows courts to review a limited class of documents (such as charging papers and jury instructions) from the state proceedings (known as "*Shepard* documents") to find out if the state court convicted the defendant of an offense that qualifies as a violent felony under a clause of the ACCA.  *Id.*

[6] In order for a Supreme Court decision to restart the one-year statute of limitations under § 2255(f)(3), the decision must both (1) recognize a new right and (2) be made retroactively applicable to cases on collateral review.  *See* 28 U.S.C. § 2255(f)(3).

could not rely on *Descamps* to make his § 2255 motion timely under § 2255(f)(3) "because *Descamps* did not 'newly recognize' the right asserted"). "[A] § 2255 movant wishing to raise a *Descamps* claim cannot rely on subsection (f)(3) as the starting point for the calculation of the limitations period. Instead, he must file his motion within one year of one of the other triggering dates set out in § 2255(f)." *Beeman v. United States*, 871 F.3d 1215, 1220 (11th Cir. 2017). Because *Descamps* is not a new rule, Reese is not entitled to its use to apply § 2255(f)(3) as a triggering event for statute of limitation purposes and the limitation period applicable to Reese's claim is found in § 2255(f)(1). His *Descamps* claim regarding use of his prior conviction for possession of marijuana in the first degree as a qualifying controlled substance offense for purposes of § 2K2.1(a)(2) is therefore untimely asserted in his § 2255 motion.

Finally, for the same reasons discussed above regarding Reese's putative *Johnson* claim, Reeses's *Descamps*-based claim—besides being time-barred—is also barred from collateral review by the waiver provision in his plea agreement.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the §2255 be denied and this case DISMISSED with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation or before July 31, 2018. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the

Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc.,* 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 17th day of July, 2018.

 /s/   Wallace Capel, Jr.
CHIEF UNITED STATES MAGISTRATE JUDGE